### JOHN SEXTON v. COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—441.]

**Misconduct of Party in Argument.**

>  If no objection or exception is made to statements made by the commonwealth's attorney in argument at the time they are made no relief can be had on account of such statements when objection is made for the first time in this court.

**Instructions.**

>  It is the duty of the trial court to instruct the jury upon all the law of the case whether such instructions are asked or not, but he is not required to instruct as to any law not applicable to evidence given.

### APPEAL FROM KNOX CIRCUIT COURT.

December 13, 1884.

OPINION BY JUDGE HOLT:

The trial of the appellant, John Sexton, upon the charge of killing George Router (or Rowden) on July 31, 1884, resulting in a death sentence.

His application for a continuance was properly overruled because the court afforded him an opportunity to procure his absent witnesses and the record shows that when the trial was had all of them were present save one, and the appellant's statement as to what this one would prove was upon the trial admitted as true by the commonwealth.

Judging from the verdict of the jury and the testimony in the record, any public excitement or prejudice against the appellant existing at the time of the trial had been created by his own wrongful act, and the court below was the proper tribunal to judge whether under all the circumstances the trial ought to be had, and we can not review its action in this respect.

This court has so often decided that it will not reverse upon a point that is first raised upon the motion for a new trial, that this may now be regarded as a settled rule.

If improper statements were made to the jury by the prosecuting attorney in the concluding argument to them, an exception could

have been taken. This was not done nor does the bill of exceptions disclose their nature.

The affidavit of the appellant filed on the motion for a new trial can not be considered as evidence in the case, and if we were in doubt whether the testimony sustained the verdict we would not feel at liberty to reverse the action of the jury as it was their province to judge of the guilt or innocence of the defendant, but in our opinion it was fully sustained by the evidence.

As a guide to the finding they were properly instructed. The appellant claimed that he did not commit the deed. The testimony shows peremptorily and satisfactorily that it was a killing for plunder. There was no question of manslaughter or self-defense at issue in the case. The crime was murder and the appellant either guilty or innocent.

It has been decided that the trial court must instruct the jury upon all the law of the case whether it is asked to do so or not, but in this instance there is no fact or incident shown by the testimony from which the least inference can be drawn that the killing was in sudden heat and passion, and instructions should not be given regardless of all application to the facts of the case and which will only tend to confuse the jury and hide the truth.

The jury were properly instructed as to the reasonable doubt and as to the true issue in the case and the judgment is *affirmed*.

*John H. Wilson, John Dishman, J. N. Brafford, for appellant.*

*P. W. Hardin, for appellee.*